IN THE IOWA DISTRICT COURT FOR DALLAS COUNTY

| | |
|---|---|
| Teena Cibert, as Administrator of the Estate of David Cibert, and Teena Cibert as Successor in Interest of David Cibert,<br><br>Plaintiffs,<br><br>vs.<br><br>Central Iowa Hospital Corporation, d/b/a Methodist West Hospital,<br><br>Defendants. | **CASE NO. ______________**<br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT: Central Iowa Hospital Corporation, d/b/a Methodist West Hospital

You are notified that a Petition has been filed in the office of the Clerk of this Court naming you as the Defendant in this action. A copy of the Petition is attached to this Original Notice.

The attorneys for the Plaintiffs are Erin E. Jordan and Katie Naset of Hope Law Firm & Associ-ates, P.C., whose address is 5022 Grand Ridge Drive, West Des Moines, Iowa 50265, telephone number (515) 255-3559 and facsimile number is (515) 608-4431.

You must serve a motion or answer within twenty (20) days after service of this Original Notice upon you and, within a reasonable time, thereafter, file your motion or answer with the Clerk of Court for Dallas County at the courthouse in Adel, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

Further, this case has been filed in a county that uses electronic filing. You must register to eFile through the Iowa Judicial Branch website at https://www.iowacourts.state.ia.us/Efile and obtain a log in and password for filing and reviewing documents in your case and for receiving service and notices from the Court.

- For general rules and information on electronic filing, refer to the Iowa Court Rules Chapter 16 pertaining to the use of the Electronic Document Management System, available on the Iowa Judicial Branch website.
- For court rules on the protection of personal privacy in court filings, refer to Division VI of the Iowa Court Rules Chapter 16.
- If you are unable to proceed electronically, you must receive permission from the Court to file in paper. Contact the Clerk of Court in the county where the petition was filed for more information on being excused from electronic filing.

If you require the assistance of auxiliary aids or services to participate in court because of a disabil-ity, immediately call your district ADA coordinator at (515) 561-5818. (If you are hearing im-paired, call Relay Iowa TTY at (800) 735-2942).



EXHIBIT A

E-FILED 2025 JAN 10 4:56 PM DALLAS - CLERK OF DISTRICT COURT

IMPORTANT

YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS

# Iowa Judicial Branch

*Case No.* **LACV045756**
*County* **Dallas**

*Case Title* CIBERT V CENTRAL IOWA HOSPITAL CORPORATION

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 561-5818** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **01/13/2025 08:20:14 AM**

*District Clerk of Court or/by Clerk's Designee of* Dallas *County*
**/s/ Adam Juckette**

E-FILED 2025 JAN 10 4:56 PM DALLAS - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR DALLAS COUNTY

| | |
|---|---|
| Teena Cibert, as Administrator of the Estate of David Cibert, and Teena Cibert as Successor in Interest of David Cibert,<br><br>Plaintiffs,<br><br>vs.<br><br>Central Iowa Hospital Corporation, d/b/a Methodist West Hospital,<br><br>Defendants. | **CASE NO. ______________**<br><br>**PETITION AT LAW AND JURY DEMAND** |

COME NOW PLAINTIFFS, Teena Cibert, as Personal Representative of the Estate of David Cibert, and Teena Cibert, individually and as Successor in Interest of David Cibert, and hereby state and allege as follows:

**PARTIES, JURISDICTION, and VENUE**

1. Plaintiff Teena Cibert lived in Van Meter, Dallas County, Iowa at the time of the events alleged in this Petition and resides there still.

2. Decedent David Cibert lived in Van Meter, Dallas County, Iowa at the time of the events alleged in this Petition and at the time of his death. He was the husband of Teena Cibert.

3. At all times relevant to the claims made in this Petition against it, Central Iowa Hospital Corporation d/b/a Methodist West Hospital was an Iowa corporation. The registered agent for the corporation is David A. Stark, 1200 Pleasant Street, Des Moines, Iowa 50309. The home office for the corporation is 1200 Pleasant Street, Des Moines, Iowa 50309.

4. The damages resulting from the injuries alleged herein exceed the jurisdictional amount for small claims court.

5. The conduct alleged herein occurred in Dallas County, Iowa, making venue in Dallas County, Iowa appropriate.

## FACTS COMMON TO ALL CLAIMS

6. Plaintiffs re-plead the allegations contained in paragraphs 1-6 as if set forth fully herein.

7. David, a 62-year old male, presented to the emergency department at Methodist West Hospital at 6:59 PM on January 11, 2023 via EMS. David reported a pain level of 13 out of 10 for full body pain, despite taking morphine and had difficulty ambulating.

8. In the emergency department, David had a fever and low oxygen saturation. His pain did not respond to fentanyl.

9. Emergency medicine physician Defendant Dr. Sokol encountered David in the emergency room at or around 9:44 p.m. on January 11, 2023.

10. Dr. Sokol and all other ER personnel failed to provide a full and complete screening examination in order to determine if David had an emergency medical condition, including a failure to order labs or imaging. Upon information and belief, David's presentation to the ER on January 11, 2023 was not handled in accordance with Methodist West Hospital's internal policies and procedures regarding medical screening examinations.

11. Dr. Sokol is a Defendant in at least one malpractice lawsuit which alleges that she provided care that was below the standard of care in the ER.

12. Dr. Sokol discharged David from the emergency department at approximately 11:58 PM on January 11, 2023.

13. David returned to the Methodist West Emergency Department less than twelve hours later, at 10:43 AM on January 12, 2023.

E-FILED 2025 JAN 10 4:56 PM DALLAS - CLERK OF DISTRICT COURT

14. David presented on January 12, 2023 with tachycardia, continued inability to ambulate, pain at a 10 out of 10 and a new complaint of abdominal pain. Providers chart that David is unable to describe the pain, and that it is continuous.

15. David was assigned to emergency room physician Defendant Chase Deobald, D.O., who evaluated David at or around 12:15 p.m. on January 12, 2022.

16. Dr. Deobald describes David on January 12, 2023 as "chronically ill-appearing male", in stark contrast to Dr. Sokol's description of David the day before as "He is not toxic-appearing or sickly-appearing".

17. David had a low-grade fever, even taken with a tympanic temperature probe.

18. Dr. Deobald ordered a CBC, which showed David had an elevated white blood count.

19. Despite the above findings, Dr. Deobald discharged David from the Emergency Department at approximately 2:21 PM on January 12, 2023.

20. On the morning of January 12, 2023, a nurse at Methodist West Hospital pulled Teena Cibert aside and told her that she could not continue to bring David to the emergency department because he "wasn't dying."

21. David returned home, where he continued to experience excruciating pain.

22. Dr. Deobald and all other ER personnel failed to provide a full and complete screening examination in order to determine if David had an emergency medical condition, including a failure to order labs or imaging. Upon information and belief, David's presentation to the ER on January 12, 2023 was not handled in accordance with Methodist West Hospital's internal policies and procedures regarding medical screening examinations.

E-FILED 2025 JAN 10 4:56 PM DALLAS - CLERK OF DISTRICT COURT

23. Dr. Deobald is a Defendant in at least one malpractice lawsuit which alleges that he provided care that was below the standard of care in the ER.

24. Having twice been discharged from the Methodist West Emergency Department for severe pain and inability to ambulate, David presented to the MercyOne West Des Moines Medical Center with the same complaints on January 16, 2023.

25. At MercyOne West Des Moines Medical Center, David was diagnosed with acute polyarticular arthritis and septic arthritis. David died on January 19, 2023.

26. David experienced significant pain and suffering as well as emotional distress during the events described above due to improper medical care provided by the Defendants as described above and throughout this Petition. Had David received competent timely medical treatment, he likely would have survived.

**COUNT I**

**VIOLATION OF EMTALA JANUARY 11, 2023**

27. Plaintiffs re-plead the allegations set forth in paragraphs 1 through 26 as if set forth fully herein.

28. Mr. Cibert presented to Methodist West Hospital's emergency department on January 11, 2023.

29. Mr. Cibert sought treatment from Methodist West Hospital's emergency department on January 11, 2023.

30. Methodist West Hospital, through its staff and/or agents, failed to follow its own screening policies and procedures for patients presenting to the emergency room with Mr. Cibert.

31. Methodist West Hospital, through its staff and/or agents, deviated from the hospital's standard policies and procedures for similarly situated patients by failing to provide a

E-FILED 2025 JAN 10 4:56 PM DALLAS - CLERK OF DISTRICT COURT

full and complete medical screening examination to determine if Mr. Cibert had an emergency medical condition.

32. Methodist West Hospital, through its staff and/or agents, deviated from the hospital's standard policies and procedures for similarly situated patients by failing to conduct a SIRS and/or sepsis screen for Mr. Cibert.

33. Methodist West Hospital, through its staff and/or agents, deviated from the hospital's standard policies and procedures for similarly situated patients by failing to perform any imaging or laboratory tests.

34. Methodist West Hospital failed to provide a medical examination within the capability of the hospital's emergency department to determine if Mr. Cibert had an emergency medical condition.

35. Methodist West Hospital's deviations from its standard policies and procedures for a patient presenting as Mr. Cibert did, were far more than *de minimus* deviations.

36. Methodist West Hospital had the capabilities to perform an appropriate medical screening, including the items delineated above, of Mr. Cibert.

37. Mr. Cibert did have an emergency medical condition when he presented to Methodist West Hospital's emergency department on January 11, 2023.

38. Methodist West Hospital's failure to provide an adequate screening of Mr. Cibert was a violation of 42 USC 1395dd (EMTALA).

39. Methodist West's omissions in its screening examination were so egregious and lacking in justification as to amount to an effective denial of a screening examination.

40. Plaintiffs were injured and incurred damages as a result of Methodist West Hospital's violation of EMTALA. David's Estate and Teena Cibert incurred all damages

allowable under Iowa law for his wrongful death, including, but not limited to, interest on funeral and burial expenses, lost accumulation to the estate of David, loss of support and consortium for his wife Teena Cibert, pre-death pain and suffering of David, allowable medical expenses, and further damages to be determined and disclosed during discovery.

## COUNT II

## VIOLATION OF EMTALA JANUARY 12, 2023

41. Plaintiffs re-plead the allegations set forth in paragraphs 1 through 40 as if set forth fully herein.

42. Mr. Cibert presented to Methodist West Hospital's emergency department on January 12, 2023.

43. Mr. Cibert sought treatment from Methodist West Hospital's emergency department on January 12, 2023.

44. Methodist West Hospital, through its staff and/or agents, failed to follow its own screening policies and procedures for patients presenting to the emergency room with Mr. Cibert.

45. Methodist West Hospital, through its staff and/or agents, deviated from the hospital's standard policies and procedures for similarly situated patients by failing to provide a full and complete medical screening examination to determine if Mr. Cibert had an emergency medical condition.

46. Methodist West Hospital, through its staff and/or agents, deviated from the hospital's standard policies and procedures for similarly situated patients by failing to conduct a SIRS and/or sepsis screen for Mr. Cibert.

E-FILED 2025 JAN 10 4:56 PM DALLAS - CLERK OF DISTRICT COURT

47. Methodist West Hospital failed to provide a medical examination within the capability of the hospital's emergency department to determine if Mr. Cibert had an emergency medical condition.

48. Methodist West Hospital's deviations from its standard policies and procedures for a patient presenting as Mr. Cibert did, were far more than *de minimus* deviations.

49. Methodist West Hospital had the capabilities to perform an appropriate medical screening, including the items delineated above, of Mr. Cibert.

50. Mr. Cibert did have an emergency medical condition when he presented to Metodist West Hospital's emergency department on January 12, 2023.

51. Methodist West Hospital's failure to provide an adequate screening of Mr. Cibert was a violation of 42 USC 1395dd (EMTALA).

52. Methodist West's omissions in its screening examination were so egregious and lacking in justification as to amount to an effective denial of a screening examination.

53. Plaintiffs were injured and incurred damages as a result of Methodist West Hospital 's violation of EMTALA. David's Estate and Teena Cibert incurred all damages allowable under Iowa law for his wrongful death, including, but not limited to, interest on funeral and burial expenses, lost accumulation to the estate of David, loss of support and consortium for his wife Teena Cibert, pre-death pain and suffering of David, allowable medical expenses, and further damages to be determined and disclosed during discovery.

**COUNT III**

**NEGLIGENT HIRING RETENTION AND SUPERVISION**

E-FILED 2025 JAN 10 4:56 PM DALLAS - CLERK OF DISTRICT COURT

54. Plaintiffs re-plead the allegations set forth in paragraphs 1 through 53 as if set forth fully herein.

55. Defendant Methodist West Hospital knew, or in the exercise of ordinary care should have known of the unfitness of physicians Sokol and Deobald at the time of their hiring.

56. Defendant Methodist West Hospital knew, or in the exercise of ordinary care should have known of physicians Sokol and Deobald’s unfitness at the time of David Cibert’s January 2023 presentations to the Methodist West Hospital’s emergency department.

57. Defendant Methodist West Hospital’s retained physicians Sokol and Deobald after it knew or in the exercise of ordinary care should have known of physicians Sokol and Deobald’s unfitness.

58. Defendant Methodist West Hospital was negligent in its supervision of physicians Sokol and Deobald.

59. Defendant Methodist West Hospital’s negligent hiring, retention and supervision alleged physicians’ Sokol and Deobald’s incompetence, unfitness and/or dangerous characteristics to proximately cause injury to Plaintiffs when they failed to properly and appropriately care for David Cibert on January 11-12, 2023.

60. Defendant Methodist West Hospital knew, or in the exercise of ordinary care should have known of physicians’ Sokol and Deobald’s prior malpractice actions, prior breaches in the standard of care and prior involvement in patient injury and deaths resulting from their unfitness, incompetence and/or dangerous characteristics.

61. There was an employee or agency relationship between Defendant Methodist West Hospital and physicians Sokol and Deobald.

E-FILED 2025 JAN 10 4:56 PM DALLAS - CLERK OF DISTRICT COURT

62. As a direct and proximate result of Methodist West Hospital's negligent hiring, retention and supervision of physicians Sokol and Deobald, David's Estate and Teena Cibert incurred all damages allowable under Iowa law for his wrongful death, including, but not limited to, interest on funeral and burial expenses, lost accumulation to the estate of David, loss of support and consortium for his wife Teena Cibert, pre-death pain and suffering of David, allowable medical expenses, and further damages to be determined and disclosed during discovery.

**JURY DEMAND**

Plaintiffs Teena Cibert, as Personal Representative of the Estate of David Cibert, Teena Cibert, individually and as Successor in Interest of David Cibert, hereby demand a jury trial on all issues in this Petition triable under Iowa Law.

Respectfully submitted,

HOPE LAW FIRM & ASSOCIATES, PC

/s/ *Erin E. Jordan*

Erin E. Jordan AT0015473
Katie M. Naset AT0008875
5022 Grand Ridge Drive
West Des Moines, Iowa 50265
Telephone: (515) 255-3559
Facsimile: (515) 243-2433
Email: erin.jordan@hopelawfirm.com
Email: katie@hopelawfirm.com
***ATTORNEYS FOR PLAINTIFF***